```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
          V.                )  Criminal No. 15-45
                            )
DAVID KINTEAY CARSON        )
```

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

AND NOW, comes the defendant, David Carson, by his attorney, and with respect to the above captioned matter, he represents the following:

1. The immediate focus of this Motion is

   a) to first establish the factual and legal basis for a concurrent term of imprisonment in this case, and

   b) to establish that a concurrent 180 month term of imprisonment--effective on the June 1, 2016 sentencing date--is "sufficient, but not greater than necessary to comply with the [§3553(a)(2)] purposes". 18 U.S.C. §3553(a)(2).

2. The undischarged term of imprisonment as to which this Court's sentence of imprisonment "shall" be "adjusted" and made to run concurrently--pursuant to §5G1.3(b) of the United States Sentencing Guidelines--is the 15 to 30 year term of imprisonment which is documented in ¶¶ 46 and 47 of the Presentence Report.

3. The effective starting date for that sentence is December 18, 2014.

4. With that starting date before this Court, David Carson will be 39 years old, and he will have been in custody for the "federally" relevant conduct for 17 ½ months when he appears before this Court for sentencing on June 1, 2016.

5. On December 18, 2029, David Carson will be two months from turning 53 years old, and he will then become eligible to be paroled to the federal detainer which will be in place as a result of this Court's sentence.

6. Because this Court is bound, in this case, to impose a term of no less than 180 months of imprisonment, this Court may not "adjust" the term of imprisonment below 180 months, in order to account for the 17 ½ months of David Carson's imprisonment (running from December 18, 2014 through May 31, 2016).

7. Accordingly, if this Court were to impose a concurrent term of imprisonment of 180 months, then on December 18, 2029 the then-nearly 53 year old David Carson would still have 17 ½ months to serve before he is eligible

    a)   for release on parole for the ¶ 46 case, and

    b)   for supervised release in the above-captioned matter.

8. 17 ½ months beyond December 18, 2029 is June 1, 2031, on which date David Carson will be 54 years old.

9. As the Probation Office notes in ¶ 66 of the Presentence Report, the Plea Agreement provides for a stipulated Total Offense Level of 40 and a corresponding Guideline Range of 292-360[1].

10. In light of the § 2G2.1(b)(2)(A) 2 level enhancement which is specified in ¶ 28, and in light of the § 4B1.5(b) 5 level enhancement which is specified in ¶ 34, the offenses in ¶¶ 46 and 47 are--as the Probation Office agrees--"conduct [which is] part of the instant federal offense" under § 4A1.2(a)(1).  As such, no Criminal History Points may be assigned or counted for the ¶ 46 case.

11. Furthermore, the offenses in ¶¶ 46 and 47 are "relevant conduct to the offense of conviction under...§ 1B1.3" such that, under § 5G1.3(b),

    a)    the sentence which the Court imposes in the above-captioned matter shall be adjusted for the period of imprisonment which David Carson began serving for the ¶ 46 case on December 18, 2014, and

    b)    the sentence which the Court imposes in the above-captioned matter shall also be imposed to run concurrently to the remainder of the 15-30 year term of imprisonment which has been imposed in the ¶ 46 case.

---

[1] The guideline range would be 292-365.  But the 30 year maximum "caps out" the high end of the range at 360 months.

3

12.  In light of how §5G1.3(b) interacts with the 15 year "mandatory minimum" aspect of 18 U.S.C. §2251, David Carson's history of custody renders a totally concurrent sentence and a complete "adjustment" impossible.

13.  In addition to §5G1.3(b) and § 2251, 18 U.S.C. §3584(b) is the statute which requires that

> "[t]he court, in determining whether the terms are to be ordered to run concurrently or consecutively, shall consider...the factors set forth in [§] 3553(a)".

14.  In that regard, the ultimate issue for this Court to decide in this case is

> what sentence of imprisonment--in excess of the ¶ 46 15-30 year term of imprisonment--is "sufficient but not greater than necessary to comply with the [§3553(a)(2)] purposes," paying particular attention to the nature and circumstance of David Carson's offenses, and to his own personal history and characteristics?

15.  Plainly, the gravely serious "offense conduct" in the ¶¶ 46 and 47 case warrants the 15 to 30 year state sentence of imprisonment.

16.  §2G2.1(b)(2)(A) and §4B1.5(b) enhance the guideline range for the "touching" "offense conduct" by 7 levels.

17.  If there had been "production" but no "touching", then the guideline range in this case would be "135-168".

4

18.   The 7 additional levels generate an increase in the guideline range from "135-168" to "292-360".

19.   The federal "offense conduct" of production <u>does</u> constitute a discrete harm to the victims and the United States, and it should therefore be reflected in a reasonable incremental punishment for David Carson's behavior of producing the images which are charged in this case.

20.   One important mitigating fact about the "offense conduct" for the "production" offense is that the images which David Carson produced do not depict a "touching" form of "sexually explicit conduct", as that term is defined in 18 U.S.C. §2256(2)(A).  Instead--as is documented in ¶ 19 of the Presentence Report--those images depict "lascivious exhibition of genitals or pubic area".

21.   The 17 ½ additional months, which arise from the history of David Carson's confinement, constitute a reasonable incremental punishment, such that a concurrent 180 month term of imprisonment is "sufficient...to comply with the [§3553(a)(2) purposes".

22.   With David Carson now being 39 years old, and with him being 54 years old on June 1, 2031, any further imprisonment beyond that date is "greater than necessary".

5

23.  As such, a partially concurrent 180 month term of imprisonment fully and fairly reflects each of the §3553(a)(2) purposes.

24.  A term of imprisonment in excess of 180 months--including a sentence in the '292-360' range--is "greater than necessary".

25.  In December of 2014, when his state and federal offenses were first investigated and prosecuted, David Carson's ties with his family were immediately and completely severed.

26.  Any programs of education, vocational training, and sex offender treatment in which David Carson can participate

   a)   in SCI Mercer (and the Pennsylvania Department of Corrections) between now and December 18, 2029, and

   b)   in any Bureau of Prisons institution thereafter

will achieve the statutory objective of correction and rehabilitation.

27.  Those programs and David Carson's corresponding prolonged imprisonment will also sufficiently serve every other §3553(a)(2) purpose.

WHEREFORE, the defendant, David Carson respectfully requests that the Court vary downward from the "292-360" month guideline range, and that the Court impose a concurrent 180 month term of imprisonment, to be followed by a prolonged term of supervised release.

                          Respectfully submitted,

                          <u>s/ Thomas Livingston</u>
                          Thomas Livingston
                          Assistant Federal Public Defender
                          Attorney ID No. 36949